IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    Plaintiff,<br><br>         v.<br><br>**RAUL R. GONZALES**<br>[DOB: 07-03-1968],<br><br>                    Defendant | No. 16-5019-01-CR-SW-MDH<br><br>**COUNT 1**<br>18 U.S.C. § 286<br>NMT 10 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**COUNTS 2-4**<br>18 U.S.C. § 287<br>NMT 10 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**COUNTS 5-7**<br>18 U.S.C. § 1040<br>NMT 30 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 5 Years Supervised Release<br>Class B Felony<br><br>**COUNTS 8-10**<br>18 U.S.C. § 1001<br>NMT 5 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class D Felony<br><br>$100 Special Assessment (Each Count) |

# I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

## Introduction

1. On May 9, 2011, under the authority of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121–5208, the President declared that a major disaster

1

existed in the State of Missouri due to flooding, storms and tornadoes across the state. The disaster was assigned disaster number DR-1980 by the Federal Emergency Management Agency (FEMA), an agency of the United States Department of Homeland Security. This Presidential Disaster Declaration authorized benefits to be transported, transmitted, transferred, disbursed, and paid with FEMA funds in connection with damage resulting from the disaster.

2. On May 22, 2011, an EF-5 tornado destroyed a large part of the City of Joplin, in Jasper and Newton Counties, in the Western District of Missouri. On May 23, 2011, a Presidential Declaration of an Emergency was issued for Jasper and Newton Counties, identified as FEMA-3212-EM, Amendment Number 02 to DR-1980. This declaration provided individual assistance, debris removal, and emergency protective measures funding to individuals in impacted counties. In addition, the President approved an Expedited Debris Removal operation to clear loose tornado debris from public rights-of-way and residential property in the hardest-hit areas, for which 90 percent of the cost would be paid using FEMA funds. The United States Army Corps of Engineers (USACE) managed the Expedited Debris Removal operation.

3. Contract number W912DQ-11-C-4020 was a USACE-administered service contract for debris removal, which was FEMA-funded in the amount of 90 percent of the total cost. The contract scope of work for contract no. W912DQ-11-C-4020 consisted of the provision of labor, equipment, supplies, and materials necessary to provide debris removal services for the City of Joplin. The original award amount of the contract was not to exceed 40 million dollars, with two options of 20 million dollars.

4. As was specified in the USACE solicitation for the contract, numbered W912DQ-11-R-1033, contract no. W912DQ-11-C-4020 was subject to a "Set-Aside" as a Service Disabled Veteran Owned Small Business (SDVOSB) service contract, meaning that the prime contractor was required to be a SDVOSB, and under Federal Acquisition Regulation (FAR) Clause 52.219-

2

27(d)(1), Notice of SDVOSB Set Aside, Services, the prime contractor agreed at least 50 percent of the cost of personnel for contract performance would be spent for employees of the concern or employees of other SDVOSB concerns.

5. Additionally, as was specified in the USACE solicitation for the contract, local businesses residing in or primarily doing business in Newton and Jasper Counties received a preference in the award phase of contract no. W912DQ-11-C-4020, as authorized in Section 307 of the Stafford Act (42 U.S.C § 5150), Use of Local Firms and Individuals, FAR Clause 52.226-4, Notice of Disaster or Emergency Area Set-Aside, and FAR Clause 52.226-5(b)(1), Restriction on Subcontracting Outside Disaster or Emergency Area Services.

6. Additionally, on or about June 14, 2011, the USACE issued amendment number 2 to the solicitation number W912DQ-11-R-1033, specifying that the contract no. W912DQ-11-C-4020 was subject to FAR Clause 52.226-5(b)(1), requiring that at least 50 percent of the cost of contract performance incurred for personnel must be expended for employees of the contractor or employees of other businesses residing or primarily doing business in Jasper and Newton Counties and FAR Clause 52.219-14 Limitations on Subcontracting, requiring that at least 50 percent of the cost of contract performance incurred for personnel shall be expended for employees of the concern.

7. The defendant, RAUL R. GONZALES (GONZALES), was a resident of Neosho, in Newton County, Missouri. At all times relevant to this Indictment, GONZALES was the sole owner and president of INTELLIGENT INVESTMENTS, INC.

8. INTELLIGENT INVESTMENTS, INC., a Missouri corporation (charter no. 00797712), was located in Joplin, Missouri, and was also registered with the Department of Veterans Affairs Vender Information Pages database of veteran-owned small businesses as a Service Disabled Veteran Owned Small Business (SDVOSB).

9. On or about June 15, 2011, INTELLIGENT INVESTMENTS, INC., submitted a bid in response to solicitation number W912DQ-11-R-1033, and on or about June 24, 2011, the USACE awarded contract no. W912DQ-11-C-4020 to INTELLIGENT INVESTMENTS, INC.

10. On or about July 7, 2011, GONZALES submitted to the USACE a signed memorandum requesting waiver of the self-performance requirement of contract no. W912DQ-11-C-4020, which would have permitted INTELLIGENT INVESTMENTS, INC., to perform less than 50 percent of the cost of personnel for contract performance. On or about July 8, 2011 the USACE sent GONZALES an electronic mail message informing him that the requested waiver was denied, and requesting confirmation of receipt. On or about July 8, 2011 GONZALES replied to the USACE via electronic mail message stating, "confirmed Receipt." On or about July 9, 2011, INTELLIGENT INVESTMENTS, INC. began work on the contract.

## COUNT 1
(Conspiracy to Defraud the United States With Respect to Claims)

11. The factual allegations of paragraphs One through Ten (1-10) of this indictment are re-alleged and incorporated as though fully set forth.

12. From on or about June 15, 2011 until September 9, 2011, in Jasper and Newton Counties, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, and other persons and entities known to the Grand Jury, knowingly and willfully entered into a conspiracy with each other to defraud the United States by obtaining payments on claims related to a service contract for debris removal, which contract was administered by the United States Army Corps of Engineers and funded by the Federal Emergency Management Agency, which claims were fraudulent in the manner and means as follows:

> A. It was a part of the conspiracy that individuals representing an entity identified herein as Company A, which was located outside the State of Missouri, devised a scheme by which Company A would and did recruit

4

companies local to areas affected by Presidential Disaster Declarations to bid on and obtain as primary contractors service contracts for which Company A did not qualify independently.

B. It was further a part of the conspiracy that the defendant would and did agree to bid in response to solicitation no. W912DQ-11-R-1033, to obtain as prime contractor contract no. W912DQ-11-C-4020, a service contract for debris removal following the May 22, 2011 Joplin tornado, administered by the USACE, funded by the Federal Emergency Management Agency (FEMA), subject to the requirement, set forth in the Federal Acquisition Regulation (FAR) clause 52.226-4, that at least 50 percent of the cost of contract performance incurred for personnel be expended for employees of the contractor or employees of other businesses residing or primarily doing business in designated area, namely Jasper and Newton Counties, and subject to the additional requirement under FAR Clause 52.219-27(d)(1), that at least 50 percent of the cost of personnel for contract performance would be spent for employees of the prime contractor or employees of other SDVOSB concerns.

C. It was further a part of the conspiracy that the defendant would and did submit a Bid Proposal Packet to USACE that falsely represented the defendant intended to comply with all terms, specifications and conditions of contract no. W912DQ-11-C-4020.

D. It was further a part of the conspiracy that the Bid Proposal Packet the defendant submitted to USACE in response to the solicitation for contract no. W912DQ-11-C-4020 would and did conceal from the USACE the following facts, which were material to the USACE's decision to award the contract:

   (1) Company A and the defendant had agreed that the defendant would perform little, if any, work on the contract.

   (2) Company A and the defendant had agreed that Company A would perform virtually all work on the contract using its own resources and subcontractors, which were not local to the designated area.

   (3) Company A and the defendant had agreed to split the net profits received from claims under the contract, with Company A to receive a percentage of the net profits substantially greater than 50 percent.

E. It was further a part of the conspiracy that the defendant would and did falsely certify on Prompt Payment Certifications submitted to the USACE as claims for payment on contract no. W912DQ-11-C-4020 that "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in

5

fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other businesses residing or primarily doing business in Jasper and Newton Counties, and substantially less than 50 percent of the cost of personnel for contract performance was spent for employees of the contractor and employees of other SDVOSB concerns.

F. It was further a part of the conspiracy that the defendant would and did submit Prompt Payment Certifications containing the above-described false certification to the USACE on the following dates: one on August 3, 2011, one on September 15, 2011 and one on October 1, 2011;

All in violation of Title 18, United States Code, Section 286.

## COUNT 2
(Making or Presenting a False or Fraudulent Claim to the United States)

13. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

14. On or about August 3, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, made and presented to the United States Army Corps of Engineers a claim upon and against the United States, that is, a Prompt Payment Certification submitted on contract no. W912DQ-11-C-4020, knowing that claim was false and fraudulent in that the defendant certified "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns; in violation of Title 18, United States Code, Section 287.

## COUNT 3
(Making or Presenting a False or Fraudulent Claim to the United States)

15. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

16. On or about September 15, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, made and presented to the United States Army Corps of Engineers a claim upon and against the United States, that is, a Prompt Payment Certification submitted on contract no. W912DQ-11-C-4020, knowing that claim was false and fraudulent in that the defendant certified "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns; in violation of Title 18, United States Code, Section 287.

## COUNT 4
(Making or Presenting a False or Fraudulent Claim to the United States)

17. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

18. On or about October 1, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, made and presented to the United States Army Corps of Engineers a claim upon and against the United States, that is, a Prompt Payment Certification submitted on contract no. W912DQ-11-C-4020, knowing that claim was false and fraudulent in that the defendant certified "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract,"

when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns; in violation of Title 18, United States Code, Section 287.

## COUNT 5
(Disaster Fraud)

19. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

20. On or about August 3, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, knowingly and fraudulently made materially false, fictitious, and fraudulent statements and representations in a Prompt Payment Certification submitted to the United States Army Corps of Engineers as claims for payment on contract no. W912DQ-11-C-4020, an application for benefits authorized, transported, transmitted, transferred, disbursed, and paid with FEMA funds in connection with the Presidential Disaster Declaration for the State of Missouri (FEMA 1980 DR), effective May 9, 2011, as amended May 23, 2011, a disaster declaration having been made under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Title 42, United States Code, Sections 5121 through 5208, specifically: the defendant certified "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other

8

Service Disabled Veteran Owned Small Business concerns; in violation of Title 18, United States Code, Sections 1040(a)(2) and (b)(3).

## COUNT 6
(Disaster Fraud)

21. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

22. On or about September 15, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, knowingly and fraudulently made materially false, fictitious, and fraudulent statements and representations in a Prompt Payment Certification submitted to the United States Army Corps of Engineers as claims for payment on contract no. W912DQ-11-C-4020, an application for benefits authorized, transported, transmitted, transferred, disbursed, and paid with FEMA funds in connection with the Presidential Disaster Declaration for the State of Missouri (FEMA 1980 DR), effective May 9, 2011, as amended May 23, 2011, a disaster declaration having been made under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Title 42, United States Code, Sections 5121 through 5208, specifically: the defendant certified "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns; in violation of Title 18, United States Code, Sections 1040(a)(2) and (b)(3).

## COUNT 7
(Disaster Fraud)

23. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

24. On or about October 1, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, knowingly and fraudulently made materially false, fictitious, and fraudulent statements and representations in a Prompt Payment Certification submitted to the United States Army Corps of Engineers as claims for payment on contract no. W912DQ-11-C-4020, an application for benefits authorized, transported, transmitted, transferred, disbursed, and paid with FEMA funds in connection with the Presidential Disaster Declaration for the State of Missouri (FEMA 1980 DR), effective May 9, 2011, as amended May 23, 2011, a disaster declaration having been made under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, Title 42, United States Code, Sections 5121 through 5208, specifically: the defendant certified "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns; in violation of Title 18, United States Code, Sections 1040(a)(2) and (b)(3).

## COUNT 8
(False Document)

25. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

26. On or about August 3, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by making and presenting to the United States Army Corps of Engineers a claim upon and against the United States, that is, a Prompt Payment Certification submitted on contract no. W912DQ-11-C-4020, at Jasper County, Missouri, in the Western District of Missouri, well knowing and believing that when the defendant certified in the document that "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns, in violation of Title 18, United States Code, Section 1001.

## COUNT 9
(False Document)

27. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

28. On or about September 15, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES and INTELLIGENT INVESTMENTS, INC., did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by making and presenting to the United States Army Corps of Engineers a claim upon and against

the United States, that is, a Prompt Payment Certification submitted on contract no. W912DQ-11-C-4020, at Jasper County, Missouri, in the Western District of Missouri, well knowing and believing that when the defendant certified in the document that "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract, substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns, in violation of Title 18, United States Code, Section 1001.

## COUNT 10
(False Document)

29. The factual allegations of Paragraphs One through Twelve (1-12) of this Indictment are incorporated herein as though fully set forth.

30. On or about October 1, 2011, in Jasper County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, RAUL R. GONZALES, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by making and presenting to the United States Army Corps of Engineers a claim upon and against the United States, that is, a Prompt Payment Certification submitted on contract no. W912DQ-11-C-4020, at Jasper County, Missouri, in the Western District of Missouri, well knowing and believing that when the defendant certified in the document that "[t]he amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract," when in truth and in fact, as the defendant then well knew and believed, and contrary to the terms and conditions of the contract,

12

substantially less than 50 percent of the cost of contract performance incurred for personnel was expended for employees of the contractor and employees of other Service Disabled Veteran Owned Small Business concerns, in violation of Title 18, United States Code, Section 1001.

                                      **A TRUE BILL**

                                      */s/ Linda S. Jordan*
                                      FOREPERSON OF THE GRAND JURY

*/s/ Randall D. Eggert*
RANDALL D. EGGERT
Assistant United States Attorney

DATED:     06/07/2016