## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 16-05019-01-CR-SW-MDH |
| RAUL R. GONZALES, | ) ) ) | |
| Defendant. | ) | |

### REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss Indictment (Doc. 37). By Order (Doc. 2) entered on June 7, 2016, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1, the above-styled criminal action was referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss or quash the indictment. For the following reasons, it is **RECOMMENDED** that the Motion to Dismiss Indictment be **DENIED**.

### I. Background

Defendant has been charged by Indictment (Doc. 1) with one count of conspiracy to defraud the United States with respect to claims in violation of 18 U.S.C. § 286, three counts of making a false claim to the United States in violation of 18 U.S.C. § 287, three counts of disaster fraud in violation of 18 U.S.C. § 1040, and three counts of making and using a false writing and document under 18 U.S.C. § 1001. On August 11, 2017, Defendant filed the Motion to Dismiss Indictment, asserting the Indictment "is fatally defective and should be dismissed[.]" (Doc. 37 at 1.) Specifically, Defendant states that the Indictment charges criminal violations for the submission of false claims based on noncompliance with the terms of the contract at issue, but the terms relied on by the Government were: (1) not material and therefore not actionable; (2)

not contained in the contract; and, (3) waived by the contracting officer.  Defendant also claims that the Indictment is "a vindictive prosecution without substance[.]"  (Doc. 37 at 2.)

This action stems from the tornado that destroyed a large part of the city of Joplin, Missouri, in Jasper and Newton Counties (the "impacted counties") on May 22, 2011.  According to the Indictment, a Presidential Declaration of an Emergency was issued the next day, providing funding for assistance for individuals in the impacted counties.  (Doc. 1 ¶ 2.)  An Expedited Debris Removal operation was also approved for the hardest-hit areas, to be managed by the United States Army Corps of Engineers ("USACE"), with 90% of the costs paid using Federal Emergency Management Agency ("FEMA") funds.  *Id.*

A contract was solicited by the USACE to provide debris removal services for the City of Joplin, with an award amount of up to 80 million dollars.  (Doc. 1 ¶ 3.)  The solicitation specified that the prime contractor was required to be a Service Disabled Veteran Owned Small Business ("SDVOSB") concern, and that at least 50 percent of the cost of personnel for contract performance would be spent for employees of the concern or other SDVOSB concerns (the "SDVOSB requirement").  (Doc. 1 ¶ 4.)  The solicitation also specified that local businesses residing in or primarily doing business in the impacted counties would receive a preference in the award phase of the contract.  (Doc. 1 ¶ 5.)  The solicitation was amended on June 14, 2011 to specify that the contract required that at least 50 percent of the cost of performance for personnel must be expended for employees of the contractor or employees of other businesses residing or primarily doing business in the impacted counties (the "local set-aside and labor requirement"), and that at least 50 percent of the cost of contract performance for personnel shall be expended for employees of the SDVOSB concern.  (Doc. 1 ¶ 6.)

Defendant was a resident of Neosho, Newton County, Missouri, and the sole owner and president of Intelligent Investments, Inc., a Missouri corporation located in the City of Joplin and registered as a SDVOSB. (Doc. 1 ¶¶ 7-8.) On June 15, 2011, Intelligent Investments, Inc. submitted a bid in response to the solicitation, and on June 24, 2011, the USACE awarded the contract to Intelligent Investments, Inc. (Doc. 1 ¶ 9.)

On July 7, 2011, Defendant submitted to the USACE a signed request to waive the self-performance requirement of the contract and to allow Intelligent Investments, Inc. to perform less than 50 percent of the cost of personnel for contract performance. (Doc. 1 ¶ 10.) On July 8, 2011, the USACE sent an email to Defendant informing him that the waiver request was denied and requesting confirmation of receipt. *Id.* On the same date, Defendant replied to the email, stating "confirmed Receipt." *Id.* Intelligent Investments, Inc. began work on the contract on July 9, 2011. *Id.*

Count 1 of the Indictment alleges that Defendant entered into a conspiracy with another company to defraud the United States by obtaining payments on claims related to the service contract for debris removal, knowing that Defendant's company would perform little, if any, work on the contract and that the other company, which was neither local to the impacted counties nor an SDVOSB concern, would perform virtually all the work on the contract. The Government further alleges that Defendant submitted false claims that his business performed the work in compliance with the SDVOSB requirement in the contract, when in fact, he knew that his business had not complied with said term. Specifically, the Government accuses Defendant of submitting Prompt Payment Certifications containing these false certifications on August 3, 2011, September 15, 2011, and October 1, 2011, forming the basis for Counts 2 through 10.

## II. Discussion

Federal Rule of Criminal Procedure 7(c) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" In considering a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12(b), the court looks at whether the indictment "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2001) (citation omitted). Furthermore, "the court does not entertain an evidentiary inquiry, but rather accepts the allegations of the indictment as true." *United States v. Augustine Medical, Inc.*, 2004 WL 256772 at *2 (D. Minn. Feb. 10, 2004).

### a. Terms were not material

Defendant first argues that the Indictment should be dismissed because the alleged misrepresentations about compliance with contractual requirements were not material to the Government's decision to pay the claims, and are therefore not actionable.

However, when materiality is an element of a criminal fraud offense, the question of materiality must be submitted to the jury. *United States v. Gaudin*, 515 U.S. 506, 522-23 (1995); *see also United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("so long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence.")

Here, the Indictment sufficiently alleges that the false claims and statements at issue were material. (Doc. 1 ¶¶ 12-18, 20, 22, 24, 26, 28, 30). Accordingly, as to Defendant's argument regarding materiality, the Motion should be denied.

### b. Terms were not contained in the contract

Next, Defendant argues that the Indictment should be dismissed because the local area set-aside requirement was not actually included in the contract. As to Counts 2-10, however, each of said counts alleges that Defendant falsely claimed that he and his business performed the work in compliance with the SDVOSB requirement in the contract, and not any local set-aside and labor requirement. (Doc. 1 ¶¶ 14, 16, 18, 20, 22, 24, 26, 28, 30.) Thus, Defendant's argument does not apply to Counts 2-10.

Furthermore, contrary to Defendant's argument, the Indictment clearly states in Count 1 that, as part of the alleged conspiracy,

> Defendant would and did agree to bid [on the] service contract for debris removal [] subject to the requirement [] that at least 50 percent of the cost of contract performance incurred for personnel be expended for employees of the contractor or employees of other businesses residing or primarily doing business in designated area, namely Jasper and Newton Counties.

(Doc. 1 ¶ 12(B).) As a result, Count 1 sufficiently alleges that the contract included a local set-aside and labor requirement. Accepting these allegations as true, Defendant's argument that the Indictment should be dismissed because the local area set-aside requirement was not included in the contract lacks merit. Consequently, the Motion should be denied as to this basis.

### c. Terms were waived by the contracting officer

Defendant also posits that the Indictment should be dismissed because the contracting officer waived the local set-aside and labor requirement. Specifically, Defendant asserts that the contracting officer knew that Defendant and his company could not perform the work without the majority of the work being performed by another business that neither resided nor primarily did business in the impacted counties. Despite this, the contracting officer awarded the contract

5

to Defendant and his company.  Therefore, according to Defendant, any local set-aside and labor requirement was waived.

As discussed previously, this argument applies only to Count 1, because Counts 2-10 are not based on any false claims regarding any local set-aside and labor requirement.  As for Count 1, accepting the Government's allegations as true for purposes of determining the Motion, the Indictment states that Defendant bid on the contract, which included the requirement that "at least 50 percent of the cost of contract performance incurred for personnel be expended for employees of the contractor or employees of other businesses residing or primarily doing business in designated area, namely Jasper and Newton Counties," and "falsely represented [he] intended to comply with all terms, specifications, and conditions of [the contract.]"  (Doc. 1 ¶¶ 12(B), (C).)  The Indictment also asserts that Defendant concealed that he "would perform little, if any, work on the contract," and that another company, not local to the impacted counties, "would perform virtually all work on the contract."  (Doc. 1 ¶ 12(D).)  Lastly, the Government alleges that Defendant's request to waive the self-performance requirement was rejected by the contracting officer in writing, and that Defendant confirmed receipt of said rejection.  (Doc. 1 ¶ 10.)

Based on the foregoing, the Indictment, accepted as true for purposes of this Motion, refutes any claim that the contracting officer had knowledge of Defendant's inability to perform, or waived any contractual requirement.  As a result, as to this basis, the Motion should be denied.

### d. Vindictive prosecution

In the Motion's opening "Summary of Argument" section, Defendant makes the conclusory assertion that "[t]he Government's conduct demonstrates that the Indictment of [Defendant] is a vindictive prosecution[.]"  (Doc. 37 at 2.)  Then, in the "Conclusion and Prayer

6

Case 3:16-cr-05019-MDH   Document 46   Filed 10/19/17   Page 6 of 8

for Relief" section, he alleges that the Government "has manufactured the evidence[.]" (Doc. 37 at 20.) Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) allows pretrial motions to dismiss based on vindictive prosecution, "if the motion can be determined without a trial on the merits." Defendant bears the burden of proving that the prosecution is designed solely to punish him for exercising a valid legal right. *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). This burden "is a heavy one, and [courts] are mindful of the broad discretion given to prosecutors in carrying out their duty to enforce criminal statutes." *Id*. As long as "the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Here, Defendant has not met his evidentiary burden. He argues that when he pursued a termination for convenience remedy, the Government responded by indicting him to avoid paying him under the contract. In support, he asserts that the local area set-aside requirement was neither required nor enforced by the Government. However, as set forth above, Counts 2-10 of the Indictment are in no way based on false claims regarding any contractual local set-aside and labor requirement. Rather, those counts accuse Defendant of falsely claiming that he and his business performed the work in compliance with the contract's SDVOSB requirement. Likewise, Count 1 for conspiracy alleges that Defendant falsely represented that he intended to comply terms, specifications, and conditions of the bid and contract, including the SDVOSB requirement, when in fact he intended to do little, if any, work on the contract.

Defendant also argues that the contracting officer was aware that a second company was involved and would be performing work on the contract as a subcontractor, thus waiving the terms at issue. However, the SDVOSB condition, to which the Government asserts that

7

Defendant agreed, required at least 50 percent of the personnel costs be paid to employees of Defendant or other SDVOSB concerns. This requirement would not prevent a second company from performing a substantial portion, albeit not the majority, of the work. Thus, knowledge of the second company's involvement does not definitively show any waiver, which is a fact issue for a jury to decide. Although Defendant argues that two other companies[1] were not prosecuted under similar circumstances, his own briefing shows that those two companies both settled with the Government, refunded payments, and withdrew their termination for convenience claims, all actions that Defendant did not take. (Doc. 37 at 13, ¶¶ 16-17.) Defendant further asserts that the terms at issue were not material, but as set forth above, materiality is a question for the jury to decide.

In short, the Court concludes that there exists probable cause to believe that Defendant committed the offenses charged in the Indictment, those being that his claims were false and fraudulent. Consequently, under the Government's theory of the case, Defendant had no valid legal right to the payments received. Therefore, Defendant has failed to meet the heavy burden of proof that the prosecution is designed solely to punish him for exercising a valid legal right. Accordingly, as to the basis of vindictive prosecution, the Motion should be denied.

**III. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that Defendant's Motion to Dismiss Indictment (Doc. 37) be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 19, 2017

---

[1] The two companies are referred to as R&R Trucking and DRC Services.